Dear Mr. Coulon:
On behalf of the Parish of Jefferson, you have requested an opinion of this office regarding implementation of the Parish's Employee Pay Plan. According to your correspondence, shortly before a retroactive payment of wages was scheduled to be made to parish judicial employees, questions were raised regarding the legality of such payments. Specifically, you have asked this office to examine whether state law prohibits the payment of retroactive wages to public employees.
You have advised that in 1998 the Parish of Jefferson hired an outside consultant to conduct a parish-wide pay plan study for all parish employees, including both civil service employees and those on the judicial side of parish government. It is our understanding that the pay plan study was quite extensive and lengthy and that as of December of 1998 the consultant had completed the civil service portion of the study, but had not yet completed study of judicial salaries, which includes those under the supervision of state and parish judges, the district attorney, and the juvenile court.
Due to a desire to move forward with implementation of the new plan, the parish went ahead and implemented the plan for the civil service side of parish government effective January 1999. At that time, in conjunction with the implementation of new starting salaries, the parish provided each of its civil service employees with a 3% pay raise. At the same time, the Parish committed to retroactively implement pay raises for those judicial employees who were in positions affected by new salaries. Pay raises for judicial employees were to be made at the time of completion of the study of judicial employee salaries, and were to be retroactive back to January 1, 1999, the date the civil employee pay raise became effective.
According to your letter, the Judicial Pay Plan study was completed in the fourth quarter of 1999, and was scheduled to take effect on January 1, 2000.
Retroactive payment of the wages due from January 1, 1999, to those employees who were entitled to receive it, was to take place on February 4, 2000. The retroactive payment was not made however, because at that point questions regarding the legality of the payment arose.
At a meeting with you, the Jefferson Parish Attorney and the District Attorney for Jefferson Parish, this office was advised that the funds necessary to provide the raises in question have been earmarked, and have remained available for the purpose of paying the raises in question, since 1998. Further, at that meeting, our office was advised that the parish had originally wanted to fund all pay raises at the same time, but could not, due to delays in the completion of the study. Additionally, it was made clear that the parish has always intended to treat all of its employees, both civil and judicial, equally with regard to the pay raise in question.
The question you have presented for our review must be addressed in light of LSA-Const. Art. VII, Sec. 14 (A), which pertinently provides:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has written a number of opinions pertaining to employee compensation and has consistently opined that payments of gratuitous unearned payments to public employees are prohibited, as same are tantamount to donations. See: Atty. Gen. Ops. No. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806. We note that various attempts to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the listed opinions were found to be constitutionally infirm.
However, this office does not consider Art. VII, Sec. 14 to prohibit the retroactive payment of earned compensation unless the payment of the compensation is otherwise specifically prohibited by law. In accord: Atty. Gen. Ops. No. 97-394, 95-323, 95-165-A, 94-241, 78-1526. In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position in State v. Davis, 539 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied. Therein, the Court held:
 "We are presented with a factual determination: were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when the services were rendered?"
Essentially, in accordance with the above cited opinions and theDavis case, the test for determining the constitutionality of a particular payment to a public officer or employee is whether the payment is made out of a motive of beneficence solely to enrich the officer or employee, or whether the payment is deserved and made as recompense for valuable service rendered, for which the officer or employee was not adequately paid. Atty. Gen. Op. No. 95-323.
In accordance with the test articulated herein, it is the opinion of this office that the Parish of Jefferson can retroactively pay its judicial employees in the manner you have described. In light of your advice that the parish had always intended to compensate its judicial employees in the same manner as its civil employees and had committed to do so, it does not appear that the payments will be made "out of a motive of beneficence solely to enrich" the judicial employees. Rather, based upon the facts as you have described them, such payments would appear to be earned compensation for services previously rendered, but for which the parties were not previously paid in full. Davis, supra.
In reaching our determination herein, we have relied upon your advice that there always existed the expectation that judicial employees would be fully recompensed for their services for the period after July 1, 1999 through the date the Parish Pay Plan study was completed and the Plan was fully implemented. If retroactive payment were to be made on any other basis, such payment would be tantamount to a disguised donation.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance to you or the Parish of Jefferson in the future.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI; JMZB:jv